# Silly v. Burt.

The appellant's remedy upon an alleged irregularity upon the face of the record of a Justice of the Peace is by certiorari. He waives the irregularity by taking an appeal.

The defendant is presumed to have waived the irregularity of service where the appeal was entered, and defendant entered an appearance and a plea, and proceeded to trial upon the merits.

JUSTICE'S RECORD—IRREGULARITY—WAIVER ON APPEAL—TRIAL.

No. 13, December Term, 1901, C. P. of Lancaster County.

No. 130, October Term, 1902, Superior Court.

Appeal from Justice of the Peace.

H. Frank Eshleman, Esq., and James M. Walker, Esq., for Appellant.

Charles I. Landis, Esq., for Appellee.

Argued in Superior Court, November 10, 1902.

Facts involved in the case:

The Constable's return to the service of the summons was— "Summons returned endorsed. November 9, 1901, served on defendant by leaving a true copy of the original summons at his dwelling house with an adult member of his family." This suit was brought to recover a claim for wages. An appeal was entered in due form of law, and an appearance and plea was also entered, and the parties proceeded to trial on the merits. At the trial no objection appears to have been offered as to the manner of service.

The error assigned by the appellant was as follows: "The Alderman, never having had jurisdiction of the defendant in this case, by reason of a bad process which was not cured by appeal, and the judgment before the Alderman being by default, it was error in the Court to entertain the action."

Appellants cited Hill v. Tionesta township, 129 Pa. 525; Bergman v. Roberts, 61 Pa. 497; Collins v. Collins, 37 Pa. 387, to show reversible error.

Lacock v. White, 19 Pa. 495, was also cited to show that the exact method pointed out by the Act must be pursued in a

suit before a Justice of the Peace, where the service is in viola-
tion of the Act of July 9, 1901, P. L. 614, which provides that
service shall be by "handing" a true and "attested" copy to the
defendant.

Appellee cited Meyers v. Stauffer, 22 W. N. C. 412; Fennell
v. Guffey, 155 Pa. 38; Putney v. Collins, 3 Grant 72, as holding
that an appearance and defense upon the merits is a waiver of
any irregularity in the summons.

## OPINION BY SUPERIOR COURT, DEC. 13, 1902.

The only question raised by this appeal is the alleged want
of jurisdiction on the part of the Justice of the Peace to hear the
case, arising from the fact that the summons was not properly
served.

The 16th section of the Act of July 9, 1901, P. L. 614, re-
quires that "writs issued by any magistrate, Justice of the Peace
or Alderman shall be served in the county wherein they are issued
by the Constable or other officer therein to whom given for cer-
vice in the same manner and with like effect as similar writs are
served by the Sheriff when directed to him by the proper Court,"
etc.   The 1st section provides "that the writ of summons, etc.,
may be served by the Sheriff of the county wherein it is issued
upon any individual defendant or garnishee in any one of the fol-
lowing methods: (b) By handing a true and attested copy thereof
to an adult member of his family at his dwelling house."

The summons in this case was returned as indorsed:
"Served on defendant by leaving a true copy of the original sum-
mons at his dwelling house, with an adult member of his family."
It is, of course, well for a public officer serving a summons to
make his return correspond precisely with the requirements of
the Act of Assembly.   Whether or not this summons was prop-
erly served need not now be definitely determined.   It may be
said, however, that it is difficult to see how the officer could
have left a copy with an adult member of the family without

handing it to him or her.  We think, however, without pursuing this subject, the appellant has waived any irregularity, if it existed, in the officer's return of service of the summons.

1.   In taking an appeal.  "Section 4 of the Act of March 20, 1810, 5 Sm. L. 161, provides that on appeal from a Justice's judgment, the case shall be decided on its facts and merits only and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action shall prejudice either party."  10 P. & L. Dig. of Dec. 17, 533.  See also Swain vs. Brady, 19 Pa. Superior Ct., 459.  The alleged irregularity appearing upon the face of the record, the appellant's remedy was by certiorari.  He waived the irregularity by the appeal.

2.   After the appeal was entered he entered an appearance and plea and proceeded to trial upon the merits.  This was also a waiver of the irregularity complained of and by it he is bound.

Judgment affirmed.

From Lancaster Law Review,

Lancaster, Pa.